Mr. Justice Merrick
delivered the opinion of the court.
This is an appeal from the equity court overruling a demurrer to a bill in equity filed by a simple contract creditor of a deceased party, for the purpose of assailing as fraudulent a conveyance made by him in his lifetime to third parties.
The bill alleges, of course, that the conveyance was fraudulent, and also alleges that there has been no administration taken out upon the estate because there were no assets of any value justifying an administration. In that state of the case a demurrer is interposed upon the ground that there is no jurisdiction in chancery to grant such relief; the counsel for the respondent maintaining, as it is understood, that it was a necessary preliminary to have obtained a judgment upon the debt before proceedings could be taken to invalidate a deed of real estate made by a decedent. The court below overruled the demurrer and from this an appeal has been taken.
If there had been personal estate left by the decedent, then there might have been and would have been occasion to call upon- the administrator and to make him a party, for the reason that the personal estate being the primary fund for the payment of the debts, the grantee of the real estate would be entitled to have such an administrator brought in, in order that he might be relieved entirely of *290 the burden of the debt, the personal estate being the primary fund for the payment of debts. But the allegation being that there is no personal estate, it would be a nugatory act altogether, so far as the subjection of a primary in the case of a secondary fund is concerned, to make such an one a party to the bill; and such has been the course of proceeding in the courts of chancery.
But the main objection, and the one supposed to be insurmountable, was that, although there was no personal estate, there ought to have been a judgment obtained against the administrator, if not against decedent in his lifetime.
The rule of lavr is otherwise and it is veiy clearly stated in Bump on Fraudulent Conveyances, at page 516, and the reading of that paragraph will dispense with an expansion of the reasons, because they are very fully and succinctly stated therein. That author says: “A third exception to the rule which requires a lien, is in a case where the debtor dies before a judgment is obtained against him. In such a case an action against his executor or administrator would be useless, for a judgment would not be evidence for any purpose against the grantee, and after as well as before its rendition an action against the grantee would necessarily he upon the original debt and not upon the judgment. An action against his heirs would be equally nugatory, for they are only liable to creditors to the extent, interest and right in the real estate which descends to them from the debtor. A fraudulent deed, however, binds the heirs as well as the debtor, and upon the issue of riens per descent, the judgment would be in their favor. A court of equity, however, is authorized by the principles which regulate its jurisdiction to interpose at whatever point in the progress of the legal remedy it may appear that the creditor is actually obstructed by the fraudulent transfer or its consequences. As there is no person at law against whom a judgment can be obtained so as to affect the property, the demand is dependent upon equity for its ascertainment and enforcement. A court of *291 equity will, therefore, take jurisdiction, though there is no judgment. A bill in such a case is not an application for the exercise of the auxilary jurisdiction of the court, hut is apart of its original jurisdiction in equity.”
That reasoning seems to us so complete that the court can dispense with adding anything further, and therefore they will affirm the decree helow and remand the case so that it may be proceeded with for the ascertainment of the facts alleged in the bill as ground for relief.